Rene Correa, Plaintiff-Respondent,

Mike Leavitt, Secretary of the Department of
Health &Human Services and State of Wisconsin
Department of Health & Family Services,
Involuntary-Plaintiffs,

v.

Farmers Insurance Exchange and Cindy L. Close,
Defendants-Appellants.†

Court of Appeals

*No. 2010AP28. Submitted on briefs October 6, 2010.
—Decided November 23, 2010.*

2010 WI App 171

(Also reported in 794 N.W.2d 259.)

† Petition to Review denied 4-12-11.

682

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Douglas J. Carroll* of *Votel Hallstein & Carroll*, Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Paul D. Christensen* of *Ziino, Germanotta, Knoll & Christensen*, Milwaukee.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. FINE, J. Farmers Insurance Exchange and its insured, Cindy L. Close, appeal the judgment awarding damages to Rene Correa for injuries a jury found he sustained as a result of an automobile accident with Close. They also appeal the trial court's order denying their postverdict motion. The only issue on appeal is whether there was sufficient evidence to support the jury's award of $30,000 for Correa's "[p]ast hospital and

medical expenses." We affirm the judgment and order in part, and remand for further proceedings.

¶ 2.   Farmers Insurance and Close do not dispute that there was evidence during the trial that Correa had past hospital and medical expenses. They contend, however, that no one with the requisite expertise testified that the charges were "reasonable." The trial court upheld the verdict's award, ruling that the jury could infer that they were reasonable:   "[T]he question was not asked was the dollar amount of the bills reasonable and necessary, but I think the total of the testimony, I think that's something based upon the cumulative wisdom of the jury. I think they can make the inference and make a decision."

■

¶ 3.   The rule, of course, is that an injured plaintiff may only recover the value of medical expenses he or she incurred, " 'not the actual charge' " if they differ. *Leitinger v. DBart, Inc.*, 2007 WI 84, ¶ 23, 302 Wis. 2d 110, 121–122, 736 N.W.2d 1, 6 (quoted source omitted). As shown below, before July 1, 2009, this value could only be proved by expert testimony. *See Dean Medical Center, S.C. v. Frye*, 149 Wis. 2d 727, 733, 439 N.W.2d 633, 635 (Ct. App. 1989) ("A physician must establish necessity of the medical treatment furnished and the reasonableness of charges for that treatment."). Thus, "inference" does not cut it.

■

¶ 4.   The trial in this matter started on August 17, 2009. By that time, Wis. Stat. Rule 908.03(6m), as material here, read as follows:

> Patient health care records. (a) *Definition.* In this subsection:
>
> 1. "Health care provider" has the meanings given in ss. 146.81(1) and 655.001(8).

2. "Patient health care records" has the meaning given in s. 146.81(4).

(b) *Authentication witness unnecessary.* A custodian or other qualified witness required by sub. (6) is unnecessary if the party who intends to offer patient health care records into evidence at a trial or hearing does one of the following at least 40 days before the trial or hearing:

1. Serves upon all appearing parties an accurate, legible and complete duplicate of the patient health care records for a stated period certified by the record custodian.

2. Notifies all appearing parties that an accurate, legible and complete duplicate of the patient health care records for a stated period certified by the record custodian is available for inspection and copying during reasonable business hours at a specified location within the county in which the trial or hearing will be held.

(bm) *Presumption.* Billing statements or invoices that are patient health care records are presumed to state the reasonable value of the health care services provided and the health care services provided are presumed to be reasonable and necessary to the care of the patient. Any party attempting to rebut the presumption of the reasonable value of the health care services provided may not present evidence of payments made or benefits conferred by collateral sources.[1]

Under RULE 908.03(6m)(bm), a party desiring to prove the reasonableness of a medical expense need no longer have a qualified expert so testify, provided that the bills are "patient health care records." Although this rule was in effect during the trial, neither the lawyers nor

---

[1] WISCONSIN STAT. RULE 908.03(6m) was amended by 2009 Wis. Act 28, §§ 3285gb–3285gm, and the amendments were effective on July 1, 2009. *See* 2009 Wis. Act 28, § 9400.

the trial court referenced it. Under applicable standards, though, we may affirm a circuit court for any reason, even if not relied on by either the circuit court or raised by the lawyers. *State v. Butler,* 2009 WI App 52, ¶ 15, 317 Wis. 2d 515, 527–528, 768 N.W.2d 46, 51–52. We ordered the parties to supplement their briefs to address whether the bills reflecting Correa's past medical expenses were: (1) received into evidence, and (2) were "patient health care records" so as to trigger the presumption.

■■

¶ 5.    Before we address those matters, we turn to the contention by Farmers Insurance and Close that because the accident was in January of 2004, application of Wis. Stat. Rule 908.03(6m)(bm) would be improperly retroactive. It would not. As long as changes in evidence rules do not alter the elements of a claim or a defense, trials are governed by the rules of evidence as they are at the time of trial. *Frame v. Plumb,* 138 Wis. 179, 189-190, 118 N.W. 997, 1001 (1908). *See also Hopt v. People,* 110 U.S. 574, 590 (1884) (criminal case), *limitation on other grounds* recognized by *Illinois v. Allen,* 397 U.S. 337, 342–343 (1970), and *Carmell v. Texas,* 529 U.S. 513, 544–553 (2000) (discussing and distinguishing *Hopt* and the *Ex Post Facto* Clause). Correa's entitlement to recover his past medical expenses was the same before and after the amendments to Rule 908.03(6m). Stated another way, the amendments did not change Farmers Insurance's and Close's potential for liability as a result of the accident; the amendments merely fine-tuned how admissible evidence could be established. Rule 908.03(6m)(bm) applies. We now look at the evidence supporting the jury's verdict for past medical expenses.

687

¶ 6. In order to uphold a jury's verdict there must be *some* properly admitted evidence that supports it. *See Sievert v. American Family Mut. Ins. Co.*, 180 Wis. 2d 426, 433, 509 N.W.2d 75, 79 (Ct. App. 1993), *aff'd*, 190 Wis. 2d 623, 528 N.W.2d 413 (1995). Thus, the jury's $30,000 award for past medical expenses may only be upheld to the extent of that supporting evidence, if any. Given that no properly qualified expert witness testified that the charges supporting Correa's claim for past medical expenses were reasonable for the services they covered (although there was expert evidence that the services he received were both necessary and reasonable), application of WISCONSIN STAT. RULE 908.03(6m)(bm) is the only way that part of the verdict may be sustained.

¶ 7. As we have seen, WISCONSIN STAT. RULE 908.03(6m)(bm) creates a presumption that: "[b]illing statements or invoices that are patient health care records are presumed to state the reasonable value of the health care services provided." As material, under WISCONSIN STAT. § 146.81(4), " '[p]atient health care records' means all records related to the health of a patient prepared by or under the supervision of a health care provider; and all records made by an ambulance service provider, as defined in s. 256.01(3)."[2]

¶ 8. Whether the documents asserted to support the jury's award for Correa's past medical expenses are "patient health care records" requires that we apply the rule to those documents. This presents an issue of law.

---

[2] Under WISCONSIN STAT. § 256.01(3) " '[a]mbulance service provider' means a person engaged in the business of transporting sick, disabled or injured individuals by ambulance to or from facilities or institutions providing health services."

688

*See State v. Booker*, 2006 WI 79, ¶ 12, 292 Wis. 2d 43, 54, 717 N.W.2d 676, 681. We may not, however, find facts. *See Wurtz v. Fleischman*, 97 Wis. 2d 100, 107 n.3, 293 N.W.2d 155, 159 n.3 (1980). Based on the parties' responses to our order directing them to supplement their briefs, we conclude that the following documents were received into evidence and have the following effect under WIS. STAT. RULE 908.03(6m)(bm):

(1) An ambulance bill that Farmers Insurance and Close concede is a patient health care record. The medical expense part of the bill is $506.67.

(2) Farmers Insurance and Close argue that the other billing records do not indicate that they were "prepared by or under the supervision of a health care provider" as required by WIS. STAT. § 146.81(4). *See Hart v. Bennet*, 2003 WI App 231, ¶ 20, 267 Wis. 2d 919, 941, 672 N.W.2d 306, 317. The term "health care provider" includes "[a] corporation or limited liability company of any providers specified under pars. (a) to (hp) that provides health care services." WIS. STAT. § 146.81(1)(j).[3] As Hart teaches, this

---

[3] The following health care providers were listed in WISCONSIN STAT. § 146.81(1) in August of 2009:

(a) A nurse licensed under ch. 441.

(b) A chiropractor licensed under ch. 446.

(c) A dentist licensed under ch. 447.

(d) A physician, physician assistant, perfusionist, or respiratory care practitioner licensed or certified under subch. II of ch. 448.

(dg) A physical therapist or physical therapist assistant licensed under subch. III of ch. 448.

(dr) A podiatrist licensed under subch. IV of ch. 448.

means "a corporation that has shareholders who are providers as listed in paras. (a) to (hp)." *Hart*, 2003 WI App 231, ¶ 20, 267 Wis. 2d at 940, 672 N.W.2d at 317. Indications that a corporation engaged in providing health care has shareholders who are themselves health care providers are: (1) the services provided by the corporation, and (2) whether it is a "service corporation." *Id.*, 2003 WI App 231, ¶¶ 17–20, 267 Wis. 2d at 937–941, 672 N.W.2d at 315–317. The term "health care provider" also includes "[a] partnership of any providers specified under pars. (a) to (hp)." Wɪs.

(eq) An athletic trainer licensed under subch. VI of ch. 448.

(es) An occupational therapist or occupational therapy assistant licensed under subch. VII of ch. 448.

(f) An optometrist licensed under ch. 449.

(fm) A pharmacist licensed under ch. 450.

(g) An acupuncturist certified under ch. 451.

(h) A psychologist licensed under ch. 455.

(hg) A social worker, marriage and family therapist, or professional counselor certified or licensed under ch. 457.

(hm) A speech-language pathologist or audiologist licensed under subch. II of ch. 459 or a speech and language pathologist licensed by the department of public instruction.

(hp) A massage therapist or bodyworker certified under ch. 460.

. . . .

(r) An emergency medical technician, as defined in s. 256.01(5).

(s) A first responder, as defined in s. 256.01(9).

STAT. § 146.81(1)(i). We apply *Hart*'s teaching to the following documents that Correa has identified pursuant to our order:

(a) A compilation of charges by "Milwaukee Neurological Institute, SC," which was received into evidence with a certification by a "record custodian" that it is "an accurate and complete duplicate" of Correa's "medical record on file." The bill is for $850.94.

(b) A compilation of charges by "Milwaukee Occupational Medicine," which is not designated as either a corporation or a partnership. The charges were received into evidence with a certification from a "custodian of the medical records/bill for Rene Correa" that it is "a complete, accurate, and legible duplicate" of Correa's "original file." The billing totals $19,813.25.

(c) Various documents titled "All Paid Medicaid Claims" (uppercasing omitted). These documents are not "patient health care records" under WIS. STAT. RULE 908.03(6m).

Although it is clear that the document from Milwaukee Neurological Institute, SC, is, under *Hart*'s analysis, a "patient health care record[]," and that the "Medicaid Claims" documents are not, we cannot on this Record assess whether the entity Milwaukee Occupational Medicine is either "[a] corporation or limited liability company of any providers specified under pars. (a) to (hp) that provides health care services," WIS. STAT. § 146.81(1)(j), or "[a] partnership of any providers specified under pars. (a) to (hp)." WIS. STAT. § 146.81(1)(i). Accordingly, we must remand this matter to the circuit court for fact-finding on this issue. If, on the remand, Farmers Insurance and Close contend that they can rebut the presumption created by RULE 908.03(6m)(bm),

*see* WIS. STAT. RULE 903.01, they should present to the circuit court a specific offer of proof, *see* WIS. STAT. RULE 901.03(2). If the circuit court finds the offer of proof sufficient, it shall hold an evidentiary hearing, with or without a jury as within its discretion it deems fit. *See* WIS. STAT. RULE 906.11.

¶ 9.   In sum, unless the circuit court finds that the presumption in WIS. STAT. RULE 908.03(6m)(bm) has been rebutted, it shall modify the verdict award for "[p]ast hospital and medical expenses" to include:   (1) the ambulance bill for $506.67; (2) the bill of Milwaukee Neurological Institute, SC, for $850.94; and (3) if Milwaukee Occupational Medicine is an entity as defined by either WISCONSIN STAT. § 146.81(1)(i) or WISCONSIN STAT. § 146.81(1)(j), the amount reflected on its compilation of charges. We affirm the judgment and order in part, and remand for further proceedings consistent with this opinion.[4]

*By the Court.*—Judgment and order affirmed in part, and cause remanded with directions.

---

[4] We reject the three-sentence contention by Farmers Insurance and Close that the verdict question asking about past medical expenses "prevented a fair trial of the actual issues" in the case. Beyond assertion, Farmers Insurance and Close do not explain how or why including the verdict question prevented it from getting a "a fair trial," especially in light of the expert testimony that the medical services Correa received were both necessary and reasonable, and were necessitated by the accident. *See Vesely v. Security First National Bank Of Sheboygan Trust Dep't*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985) (We do not address arguments that are not developed.).