STATE of Wisconsin, Plaintiff-Respondent,

v.

Lee Thomas LASANSKE, Defendant-Appellant.†

Court of Appeals

*No. 2012AP2016–CR. Submitted on briefs January 16, 2014.*
*—Decided February 26, 2014.*

2014 WI App 26

(Also reported in 844 N.W.2d 417.)

† Petition for review filed.

280

On behalf of the defendant-appellant, the cause was submitted on the brief of *Lee Lasanske*, pro se, and supplemental brief by *Dustin C. Haskell*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michele Hulgaard*, assistant district attorney of Waukesha, and supplemental brief of *Eileen W. Pray*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. BROWN, C.J. This appeal concerns the vexing problem of how our trial courts may structure bifurcated sentences when the base penalty for a misdemeanor does not require bifurcation but an applicable penalty enhancement does.[1] Several unpublished one-

---

[1] This case was originally scheduled as a one-judge opinion. On the court's own motion, it was converted to a three-judge

judge opinions have tackled the issue.[2] However, the analyses have been anything but uniform. We made this a three-judge decision in order to have some established law on the subject. We will explain why the trial court's sentence in this case was proper such that we affirm.

## Facts

¶ 2. In 2004, Lee Thomas Lasanske pled guilty to one count of receiving stolen property, in violation of Wis. Stat. § 943.34(1)(a) (2011–12),[3] as a habitual criminal, and one count of operating a motor vehicle to elude an officer, in violation of Wis. Stat. § 346.04(2t), as a habitual criminal. The base penalty for each of these counts was up to nine months of imprisonment and up to a $10,000 fine. Wis. Stat. §§ 939.51(1)(a), (3)(a), 346.17(2t). That base penalty for each count was "increased to not more than 2 years" under Wis. Stat. § 939.62(1)(a) due to Lasanske's habitual criminality. *See also State v. Delaney*, 2003 WI 9, ¶¶ 17, 20, 24, 259 Wis. 2d 77, 658 N.W.2d 416 (penalty enhancement under § 939.62 applies to "any crime for which imprisonment may be imposed," including motor vehicle offenses that are crimes under Wis. Stat. § 939.12).

panel by order of the chief judge of the court of appeals dated March 27, 2013. *See* Wis. Stat. Rule 809.41(3).

[2] *See State v. Smith-Iwer*, No. 2013AP1426–CR, unpublished slip op. (WI App Dec. 27, 2013); *State v. Groce*, No. 2013AP844–CR, unpublished slip op. (WI App Sept. 4, 2013); *State v. Griffin*, No. 2012AP2631–CR, unpublished slip op. (WI App July 30, 2013); *State v. Robinson*, No. 2012AP2498–CR, unpublished slip op. (WI App July 23, 2013); *State v. Ash*, No. 2012AP381–CR, unpublished slip op. (WI App Aug. 15, 2012); *State v. Gerondale*, Nos. 2009AP1237/1238–CR, unpublished slip op. (WI App Nov. 3, 2009).

[3] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

¶ 3. Lasanske's sentence on each count was bifurcated as twelve months of confinement and twelve months of extended supervision, consecutive to each other; i.e., his ultimate sentence on the two counts was for two consecutive twelve-month periods of confinement, followed by two consecutive twelve-month periods of extended supervision. Lasanske was released from confinement in July 2005 through the earned release program.[4] He was subsequently reconfined multiple times for violating the rules of his extended supervision.

¶ 4. In 2012, Lasanske moved to correct or modify his sentence and amend his judgment of conviction on grounds that his sentence was defective because there is "no such thing as a bifurcated [sentence] on a misdemeanor." That motion was denied, as was his motion for reconsideration. Lasanske appeals.

### *Bifurcation and Enhancement of Felony Sentences Under WIS. STAT. § 973.01*

¶ 5. With very few exceptions,[5] whenever a court sentences a person to "imprisonment in the Wisconsin state prisons" for a felony or a misdemeanor, the court must impose a bifurcated sentence—which is made up of a period of confinement in prison followed by a term of extended supervision. WIS. STAT. § 973.01(1)-(2) . An order imposing a bifurcated sentence must comply with the procedure set forth in four paragraphs specifying the structure of the bifurcated sentence—the total length, the confinement portion, the penalty enhance-

---

[4] Lasanske earned early release via a substance abuse treatment program. *See* WIS. STAT. § 302.05.

[5] *See* WIS. STAT. § 939.50(2) (penalty for Class A felonies is life imprisonment).

ment, and the minimum and maximum terms of extended supervision. Sec. 973.01(2)(a)-(d). There is a difference in the procedure for applying penalty enhancers in felony and misdemeanor cases. We first discuss the procedure for applying penalty enhancers to felonies and then discuss the procedure for applying enhancers to misdemeanors.

¶ 6. With felonies, the sentencing court starts under Wis. Stat. § 973.01(2)(a) with the applicable maximum term of imprisonment for the felony in question under the state statutes, setting aside the penalty enhancement, to determine the confinement portion of the bifurcated sentence under § 973.01(2)(b) and extended supervision under § 973.01(2)(d). The term of confinement in prison may not be less than one year, and, except as provided in para. (c) (the penalty enhancement paragraph), the confinement portion is subject to a set maximum, set forth in para. (b), for each classified felony. Sec. 973.01(2)(b)1-9. For other crimes, the confinement portion may not exceed "75% of the total length of the bifurcated sentence." Sec. 973.01(2)(b)10. Similarly, the maximum extended supervision depends upon whether a felony is classified or unclassified, § 973.01(2)(d), and for each classified felony the extended supervision portion is subject to a set maximum. Sec. 973.01(2)(d)1-6. Finally, all bifurcated sentences are subject to the requirement that the extended supervision portion "may not be less than 25% of the length of the term of confinement in prison imposed under par. (b)." Sec. 973.01(2)(d).

■

¶ 7. Only after determining an appropriate bifurcated sentence in compliance with the limits imposed by Wis. Stat. § 973.01(2)(b) and (d) does the court add a penalty enhancer to a felony sentence. *See*

284

§ 973.01(2)(c)1. Under subd. (2)(c)1., the court adds the enhancer to the confinement portion, which increases the total length of the bifurcated sentence by the same amount. *State v. Jackson*, 2004 WI 29, ¶ 30, 270 Wis. 2d 113, 676 N.W.2d 872 ("the legislature . . . intended courts to add [penalty enhancers] to the maximum term of confinement for each underlying offense, thereby increasing the overall term of imprisonment by the same amount," and not to bifurcate enhancers between confinement and extended supervision); *State v. Volk*, 2002 WI App 274, ¶¶ 35–36, 258 Wis. 2d 584, 654 N.W.2d 24 (same).

### Bifurcation of Enhanced Misdemeanor Sentences Under WIS. STAT. § 973.01

¶ 8. In 2003, WIS. STAT. § 973.01(1) was amended to make it applicable to misdemeanor crimes as well as felonies. 2001 Wis. Act 109, § 1114. Sentencing for enhanced misdemeanors is a different procedure than sentencing for enhanced felonies. The first step for felonies, to determine and bifurcate the original sentence without considering the enhancer, is impossible for misdemeanors because it is the enhancer that transforms the misdemeanor jail sentence into a term of imprisonment in the state prisons, which then must be bifurcated per § 973.01.[6] In other words, absent inclusion of the enhancer at the outset, there would be

---

[6] Without a penalty enhancer, a misdemeanor sentence is never a bifurcated sentence because of how felonies and misdemeanors are defined in our statutes. A felony is a "crime punishable by imprisonment in the Wisconsin state prisons" while a misdemeanor is "[e]very other crime." WIS. STAT.

no term of imprisonment in the Wisconsin state prisons to bifurcate into terms of confinement in prison and extended supervision.

¶ 9. Determining the bifurcated structure of a misdemeanor begins under WIS. STAT. § 973.01(2)(a) with the applicable maximum term of imprisonment for the misdemeanor, plus additional imprisonment authorized by any applicable penalty enhancement statute. The confinement portion "may not exceed 75% of the total length of the bifurcated sentence." Sec. 973.01(2)(b)10. The extended supervision portion "may not be less than 25% of the length of the term of confinement in prison imposed under par. (b)." Sec. 973.01(2)(d). We know that we must add the enhancer at the outset and not under para. (c) as with felonies because para. (c) refers to "confinement in prison," and misdemeanors do not become punishable by prison until after the enhancer is added. We say again, absent the inclusion of the penalty enhancer at the outset under para. (a), there is no bifurcated sentence from which to arrive at a maximum term of confinement in prison under subd. (b)10. Thus, subd. (2)(c)1. is inapplicable to misdemeanor cases: any attempt to apply para. (2)(c) to a misdemeanor bifurcated sentence would be to apply the penalty enhancer twice.

¶ 10. One can see how this statutory framework creates confusion since the penalty enhancement statutes and WIS. STAT. § 973.01 simply refer to "penalty enhancement" in general. It would have been nice had the legislature put the misdemeanor penalty enhancements in a different statute and explained the process for them. We think draftsmanship, or the lack of it, is

§ 939.60. A misdemeanor sentence only becomes a prison sentence (and therefore a sentence to be bifurcated) when a penalty enhancer applies.

what has sowed confusion.[7] This court, however, has reached the conclusion in several unpublished cases that subd. (2)(c)1. does not apply to misdemeanor cases. *See State v. Smith-Iwer*, No. 2013AP1426–CR, unpublished slip op. (WI App Dec. 27, 2013); *State v. Groce*, No. 2013AP844–CR, unpublished slip op. (WI App Sept. 4, 2013); *State v. Robinson*, 2012AP2498–CR, unpublished slip op. (WI App July 23, 2013). In *Groce*, the court found that § 973.01(2)(c), "on its face, only applies to felonies." *Groce*, No. 2013AP844–CR, ¶ 12.

¶ 11. We think that *Groce* was on the right track. Under the applicable statutory provisions addressing a misdemeanor crime, a penalty enhancer performs an additional function beyond just adding time. Therefore, a different procedure applies than with felonies. Whereas for a felony, an enhancement lengthens the otherwise applicable "maximum term of confinement in prison," for a misdemeanor, an enhancement transforms the misdemeanor sentence into a sentence to the state prisons, which *then* must be bifurcated. Because no "maximum term of confinement in prison" exists for a misdemeanor until the enhancement is applied, once it is applied, it cannot be applied again. WIS. STAT. § 973.01(2)(c)1. is not applicable to misdemeanors.

██

¶ 12. Lasanske was eligible for up to two years of imprisonment on each count to which he pled. His sentence had to be bifurcated, with no more than 75%

---

[7] In a number of cases, this court has tried to apply the enhanced felony sentencing procedures to enhanced misdemeanor sentences. *See Gerondale*, Nos. 2009AP1237/1238–CR; *Griffin*, No. 2012AP2631–CR. Under these interpretations, the penalty enhancement would be undermined as, for example, a bifurcated sentence of the full two years available under the enhancer could not be applied.

of the total length of the bifurcated sentence as confinement and no less than 25% of the length of the term of confinement as extended supervision. It was.

¶ 13. Lasanske's sentence was thus fair under all of the applicable rules.

*By the Court.*—Order affirmed.