NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2021*
Decided July 8, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-2302

| | |
|---|---|
| GABRIEL GRIFFIN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-CV-380-JPS |
| LAURIE BONDAR, et al., *Defendants-Appellees*. | J.P. Stadtmueller, *Judge*. |

## O R D E R

Gabriel Griffin, a former Wisconsin prisoner, sued two parole officers, an investigator, and a prosecutor for violating his Fifth and Fourteenth Amendment rights when they sought to revoke his extended supervision. The district court dismissed the complaint for failure to state a claim. We allowed Griffin to proceed on appeal in forma

---

* Appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. See FED. R. APP. P. 34(a)(2).

pauperis. But Griffin has failed to address the Fifth Amendment argument that we identified as nonfrivolous, so we affirm.

In 2011, a jury convicted Griffin of two misdemeanors, after which a Wisconsin trial court sentenced him as a repeat offender under Wis. Stat. § 939.62(1)(a). The court imposed a bifurcated sentence of imprisonment and extended supervision. At the time, Wisconsin courts were split on how to calculate the length of supervision for repeat offenders, and the trial court imposed a year's supervision for each conviction based on the enhanced prison sentences.

On direct appeal, the state appellate court remanded the supervision portion of Griffin's sentence and ordered the trial court to calculate the term of supervision based on the original (unenhanced) sentences. See *Wisconsin v. Griffin*, No. 2012AP2631-CR, 2013 WL 3884146, at *7–8 (Wis. Ct. App. July 30, 2013) (unpublished order). But before the resentencing, the appellate court published a decision that clarified its position on bifurcated sentences for misdemeanors and effectively adopted the method used by the trial court to sentence Griffin. *Wisconsin v. Lasanske*, 844 N.W. 2d 417, 421 (Wis. Ct. App. 2014). On remand, the trial court reinstated Griffin's original sentence. Griffin's later habeas petitions challenging the sentence were unsuccessful. See *Griffin v. Douma*, No. 13-C-616 (E.D. Wis. Nov. 12, 2013); *Griffin v. Hafemann*, No. 15-C-323 (E.D. Wis. Mar. 30, 2015); *Griffin v. Severson*, Nos. 17-CV-697-JPS, 17-CV-870-JPS (E.D. Wis. Mar. 26, 2018).

After Griffin served his prison term, his supervision was twice revoked. Griffin's supervision first was revoked by an administrative law judge with the Wisconsin Division of Hearings and Appeals after he refused to sign the rules of supervision, failed to find a job, and tested positive for drugs. His supervision was revoked again after he was caught possessing drugs and firearms.

Griffin then brought this civil-rights suit against his parole officers, a prosecutor, and an investigator. He asserted that they violated his right to due process by unlawfully seeking to revoke his supervision (in his view, the revocation proceedings were inconsistent with the state appellate court's 2013 order that his supervision term be recalculated based on his original sentence). He further alleged that the investigator violated his Fifth Amendment right against self-incrimination when she visited him in prison, interrogated him accusingly about a sexual-assault complaint (even after he stopped the interview), and then pointed to his evasiveness as a ground for revocation.

The district court screened Griffin's complaint and dismissed it for failure to state a claim. The court explained that the prosecutor and parole officers were absolutely immune for their actions in revoking his supervision. As for the Fifth Amendment claim against the investigator, the court concluded that Griffin waived the privilege against self-incrimination when he (in his telling) answered her questions initially. The court assessed a strike. See 28 U.S.C. § 1915(g).

In a response that the court construed as a motion under Federal Rule of Civil Procedure 59(e), Griffin argued that the parole officers were entitled at most to qualified rather than absolute immunity. The court acknowledged that Griffin's argument might be correct but declined to resolve it because Griffin had suffered no underlying constitutional violation (e.g., he had not been held longer than his sentence allowed).

On appeal, we allowed Griffin to proceed in forma pauperis on the question of whether the "district court erred in dismissing his claim for violation of his Fifth Amendment right against self-incrimination." But Griffin ignored this directive and instead has rehashed arguments that Wisconsin officials wrongly revoked his supervision. Although we may consider issues other than the claim identified by the motions judge who granted leave to proceed in forma pauperis, see *United States v. Alcantar*, 83 F.3d 185, 191 (7th Cir. 1996), nothing in Griffin's brief persuades us that he has identified another, potentially meritorious argument.

As a final matter, we remind Griffin that he has accumulated strikes for filing frivolous suits in two district court cases, *Griffin v. Bondar*, No. 20-CV-380-JPS, 2020 WL 3546814, at *4 (E.D. Wis. June 30, 2020); *Griffin v. Zientek*, No. 16-CV-1416-JPS, 2016 WL 7017384, at *3 (E.D. Wis. Dec. 1, 2016), and warn him that he will incur a third strike by filing another frivolous lawsuit or appeal. See *Isby v. Brown*, 856 F.3d 508, 512 (7th Cir. 2017).

AFFIRMED