COURT OF APPEALS
DECISION
DATED AND FILED

February 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2023AP1710-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2003CF5982

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

   V.

ALEXANDER VELAZQUEZ-PEREZ,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1 PER CURIAM. Alexander Velazquez-Perez, *pro se*, appeals the denial of his postconviction motion requesting sentence modification or resentencing. We affirm on the grounds that Velazquez-Perez has failed to identify any valid new factors justifying sentence modification, his sentence is not unduly harsh or excessive, and the fifty-year sentence for his felony murder conviction did not exceed the lawful maximum.

## BACKGROUND

¶2 On December 15, 2003, Velazquez-Perez entered a plea of guilty to felony murder, pursuant to WIS. STAT. § 940.03 (2003-04),[1] and armed robbery with the use of force as a party to a crime, pursuant to WIS. STAT. § 943.32(2). According to the criminal complaint, which provided the factual basis for Velazquez-Perez's pleas, he committed two separate robberies in Milwaukee using a firearm—one on September 28, 2003, and the other on October 11, 2003. In the second robbery, Velazquez-Perez shot the victim, killing him.

¶3 On February 12, 2004, Velazquez-Perez was sentenced. On the felony murder conviction, the circuit court imposed a fifty-five year sentence broken down into thirty-five years of initial confinement and twenty years of extended supervision. On the armed robbery conviction, the circuit court imposed a twenty year sentence broken down into ten years of initial confinement and ten years of extended supervision. The court ordered the two sentences to run concurrently. After an off-the-record sidebar, the court reduced the extended

---

[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.

2

supervision term on the felony murder conviction to fifteen years "to be consistent with the statute[.]" The court did not indicate the statute to which it referred.

¶4 After sentencing, Velazquez-Perez moved to withdraw his guilty pleas on the grounds that he did not understand the maximum penalty he faced. The circuit court denied the motion without an evidentiary hearing. This court reversed and remanded for a hearing. *See **State v. Velazquez-Perez***, No. 2004AP2965-CR, unpublished slip op. ¶1 (WI App May 31, 2007). Following a hearing, the circuit court denied the motion.

¶5 Subsequently, Velazquez-Perez, represented by new counsel, filed a second plea withdrawal motion. The motion reasserted Velazquez-Perez's claim that he did not understand the maximum penalty. Additionally, the motion contended that the attorney who represented Velazquez-Perez at the previous plea withdrawal hearing was ineffective. Following another hearing, the circuit court denied the second plea withdrawal motion, and this court affirmed. *See **State v. Velazquez-Perez***, No. 2010AP1128-CR, unpublished slip op. ¶2 (WI App June 7, 2012). The Wisconsin Supreme Court denied Velazquez-Perez's petition for review.

¶6 On August 28, 2023, Velazquez-Perez filed the motion underlying this appeal. Velazquez-Perez sought sentence modification or resentencing on the grounds that the circuit court imposed an unduly harsh or unconscionable sentence and erroneously treated felony murder as a penalty enhancer as opposed to a standalone offense.

¶7    In a written decision, the circuit court found that Velazquez-Perez had not identified any new factors for sentence modification, but rather sought to challenge the circuit court's exercise of sentencing discretion.[2]  The court denied Velazquez-Perez's motion because the time for raising an erroneous exercise of discretion challenge had passed.  Velazquez-Perez now appeals.[3]

## DISCUSSION

¶8    On appeal, Velazquez-Perez first contends that he is entitled to relief based on the existence of "new factors."

¶9    A new factor is "a fact or set of facts" that is "highly relevant to the imposition of sentence, but not known to the [circuit court] judge at the time of original sentencing, either because it was not then in existence or because … it was unknowingly overlooked by all of the parties." *State v. Harbor*, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted).  Whether a fact or set of facts constitutes a new factor is a question of law that we review independently. *State v. Grindemann*, 2002 WI App 106, ¶22, 255 Wis. 2d 632, 648 N.W.2d 507.

¶10    Here, as the circuit court found, Velazquez-Perez has not identified any new factors. *See Harbor*, 333 Wis. 2d 53, ¶40.  Velazquez-Perez contends that the new factors justifying sentence modification are that the circuit court

---

[2] During the pendency of this case, several different judges presided over the circuit court proceedings.  Relevant to this appeal, the Honorable Ellen R. Brostrom ruled on the motion underlying this appeal.

[3] Velazquez-Perez did not file a reply brief in this court.  We may take Velazquez-Perez's failure to file a reply brief as conceding the State's arguments. *Apple Hill Farms Dev., LLP v. Price*, 2012 WI App 69, ¶19, 342 Wis. 2d 162, 816 N.W.2d 914.  Nonetheless, for the sake of completeness, we address the merits of Velazquez-Perez's arguments.

4

erroneously relied on felony murder as being a penalty enhancer, the circuit court erroneously exercised its discretion when it held unfavorable facts against him, and his sentence was harsh and unconscionable. However, these are legal claims, not facts that were highly relevant to the imposition of sentence. *Id.*

¶11 Moreover, Velazquez-Perez's legal claims fail on the merits.[4] First, we are not persuaded that Velazquez-Perez's sentence is unduly harsh or unconscionable. In the absence of a new factor, a court may modify a sentence if the court "determines that the sentence is unduly harsh or unconscionable." *State v. Cummings*, 2014 WI 88, ¶71, 357 Wis. 2d 1, 850 N.W.2d 915 (citation omitted). A sentence is unduly harsh or unconscionable if it is "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975).

¶12 Whether a sentence is unduly harsh or unconscionable is reviewed for an erroneous exercise of discretion. *State v. Giebel*, 198 Wis. 2d 207, 220, 541 N.W.2d 815 (Ct. App. 1995). If a sentencing judge fails to properly exercise its discretion, "this court will 'search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained.'" *State v. Odom*, 2006 WI App 145, ¶8, 294 Wis. 2d 844, 720 N.W.2d 695 (citing *McCleary v. State*, 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971)).

---

[4] We note that the circuit court did not address the legal merits of Velazquez-Perez's arguments. We, however, may affirm the circuit court for any reason. *Correa v. Farmers Ins. Exch.*, 2010 WI App 171, ¶4, 330 Wis. 2d 682, 794 N.W.2d 259.

¶13 On the armed robbery conviction and the felony murder conviction, Velazquez-Perez faced a total prison sentence of ninety-five years broken down into sixty-six years and three months of initial confinement and twenty-eight years and nine months of extended supervision. Individually, the armed robbery conviction carried a maximum prison sentence of forty years broken down into twenty-five years of initial confinement and fifteen years of extended supervision. WIS. STAT. §§ 943.32(2), 939.50(3)(c), 973.01(2)(b)3. The felony murder conviction carried a maximum prison sentence of fifty-five years broken down into forty-one years and three months of initial confinement and thirteen years and nine months of extended supervision.[5]

¶14 The prison sentence Velazquez-Perez received is well under the total maximum prison sentence of ninety-five years. The circuit court sentenced Velazquez-Perez to a total prison sentence of fifty years broken down into thirty-five years of initial confinement and fifteen years of extended supervision. Notably, even though Velazquez-Perez committed two distinct offenses, the circuit court ran his sentences concurrently. "A sentence well within the limits of the maximum sentence is unlikely to be unduly harsh or unconscionable." *State v. Scaccio*, 2000 WI App 265, ¶18, 240 Wis. 2d 95, 622 N.W.2d 449.

---

[5] The felony murder statute provides for a maximum prison sentence that is fifteen years longer than the maximum for the underlying crime, which in this case was armed robbery. WIS. STAT. § 940.03. Thus, the maximum prison sentence for Velazquez-Perez's felony murder conviction is forty years for the armed robbery plus an additional fifteen years, totaling fifty-five years. WIS. STAT. §§ 943.32(2), 939.50(3)(c). Since felony murder is an unclassified felony, it carries a term of initial confinement that is equal to seventy-five percent of the fifty-five year maximum, which amounts to forty-one years and three months of initial confinement. WIS. STAT. § 973.01(2)(b)10. The remaining thirteen years and nine months were available for extended supervision.

¶15    Moreover, when imposing Velazquez-Perez's sentence, the record reflects the circuit court appropriately considered Velazquez-Perez's character, the gravity of the offense, and the public's need for protection. *Odom*, 294 Wis. 2d 844, ¶7. The court discussed Velazquez-Perez's extensive criminal history and acknowledged Velazquez-Perez's traumatic childhood. The court found Velazquez-Perez's actions were "intentional" and "selfish." The court observed that after Velazquez-Perez committed the first armed robbery, he decided to commit a second armed robbery, this time shooting the victim. The court also noted that after shooting the victim and taking his money, Velazquez-Perez fled. The court found that Velazquez-Perez had "no problem doing the crime," but did not want to be held accountable. The court stated that Velazquez-Perez had "a pattern of choosing the wrong and the criminal act over and over and over again." Thus, we are not persuaded that Velazquez-Perez's sentence was unduly harsh or excessive or that the circuit court erroneously exercised its discretion. *See Scaccio*, 240 Wis. 2d 95, ¶18.

¶16    Lastly, Velazquez-Perez asserts that the circuit court erroneously interpreted felony murder to be a penalty enhancer. According to Velazquez-Perez, the correct maximum penalty for felony murder is thirty-five years.

¶17    A sentence that exceeds the maximum allowed by law is void and shall be commuted. *See* WIS. STAT. § 973.13 (2021-22). Whether a sentence exceeds the maximum allowed by law and is void presents a question of law that we review independently. *See State v. Zimmerman*, 185 Wis. 2d 549, 554, 518 N.W.2d 303 (Ct. App. 1994).

¶18    While Velazquez-Perez is correct that felony murder is an unclassified, standalone felony, not a penalty enhancer, *see State v. Mason*, 2004

WI App 176, ¶¶20-21, 276 Wis. 2d 434, 687 N.W.2d 526, *superseded by statute on other grounds*,[6] the maximum penalty is not thirty-five years. As stated above, the felony murder conviction in this case carried a maximum prison sentence of fifty-five years broken down into forty-one years and three months of initial confinement and thirteen years and nine months of extended supervision.

¶19     In addition, the circuit court's interpretation of the felony murder penalty worked in Velazquez-Perez's favor. After the off-the-record sidebar, the circuit court reduced Velazquez-Perez's term of extended supervision from twenty to fifteen years "to be consistent with the statute[.]" However, a twenty-year term of extended supervision was lawful. WISCONSIN STAT. § 973.01 does not cap the maximum extended supervision for unclassified felonies, such as felony murder. Rather, the extended supervision portion simply "may not be less than 25 percent of the length of the term of confinement in prison[.]" Sec. 973.01(2)(d); *State v. Lasanske*, 2014 WI App 26, ¶6, 353 Wis. 2d 280, 844 N.W.2d 417. Twenty years of extended supervision was more than twenty-five percent of the length of the thirty-five years of initial confinement. Thus, the circuit court's misunderstanding of the law worked in Velazquez-Perez's favor and his sentence is lawful.

---

[6] In *State v. Mason*, the defendant was convicted of felony murder with attempted armed robbery under the 1999-2000 version of the statutes. *Id.*, 2004 WI App 176, ¶1 n.1, 276 Wis. 2d 434, 687 N.W.2d 526. Under that version of the statutes, armed robbery was a Class B felony with a twenty-year maximum term of extended supervision. WIS. STAT. §§ 943.32(2), 939.50(3)(b), 973.01(2)(b)1. (1999-2000). After February 1, 2003, armed robbery was reclassified to a Class C felony with a fifteen year maximum term of extended supervision. 2001 Wis. Act 109, §§ 767, 9459; §§ 943.32(2), 939.50(3)(c), 973.01(2)(b)3. *Mason* expressly addressed this statutory change in a footnote. *Id.*, 276 Wis. 2d 434, ¶10 n.2. Nothing in *Mason* indicates that the statutory change alters *Mason*'s holding that felony murder is an unclassified, stand-alone felony.

¶20 Therefore, for all of the reasons stated above, we reject Velazquez-Perez's arguments and affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).