STATE of Wisconsin, Plaintiff-Respondent,

v.

Paul Anthony BUTLER, Defendant-Appellant.†

Court of Appeals

*Nos. 2008AP1178–CR, 2008AP1765–CR. Submitted on briefs
March 3, 2009.—Decided March 24, 2009.*

2009 WI App 52

(Also reported in 768 N.W.2d 46.)

† Petition to review denied 6/16/09.

516

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Trisha R. Stewart Martin* of *Stewart Law Offices*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Stephen W. Kleinmaier*, assistant attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. FINE, J. Paul Anthony Butler appeals the judgment convicting him of unlawfully possessing a firearm as a felon, *see* WIS. STAT. § 941.29(2)(a), entered on his no-contest plea. He also appeals the circuit court's order denying his motion for postconviction relief. He argues that he should be able to withdraw his plea, contending essentially that his lawyers gave him

ineffective assistance because: (1) they did not seek to suppress the gun he had; and (2) his first lawyer, who was permitted to withdraw, appeared before the circuit court for a number of scheduling-type matters without Butler's presence. We affirm.

¶ 2. After sentencing, as here, "a defendant who seeks to withdraw a guilty or *nolo contendere* plea carries the heavy burden of establishing, by clear and convincing evidence, that the trial court should permit the defendant to withdraw the plea to correct a 'manifest injustice.' " *State v. Washington*, 176 Wis. 2d 205, 213, 500 N.W.2d 331, 335 (Ct. App. 1993). There is "manifest injustice" when a defendant has received ineffective assistance of counsel. *Id.*, 176 Wis. 2d at 213–214, 500 N.W.2d at 335.

¶ 3. A defendant claiming ineffective assistance of counsel must establish that: (1) the lawyer was deficient; and (2) the defendant suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice aspect of *Strickland*, the defendant must demonstrate that the lawyer's errors were sufficiently serious to deprive him or her of a fair trial and a reliable outcome, *ibid.*, and "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid.* We need not address both aspects if the defendant does not make a sufficient showing on either one. *Id.*, 466 U.S. at 697. We consider Butler's claims of ineffective assistance of counsel in turn.

520

A. *Alleged ineffective assistance in connection with the suppression motion.*

¶ 4. According to Butler's affidavit and police reports submitted by him to the circuit court in support of his motion to withdraw his plea, this case began when a private security guard working for a Chuck E. Cheese restaurant saw Butler driving on the Chuck E. Cheese property in a way that the security guard thought was reckless. The security guard detained, handcuffed, and searched Butler, and called the police when he saw that Butler was wearing an empty gun holster. According to one of the reports, a document headed "Detailed History of Police Call" in connection with the officers' dispatch to the restaurant, the police were told that Butler "is wearing a holster for a gun[,] but they [the persons at Chuck E. Cheese] cannot find the gun. Need help ASAP. Still in the parking lot." (Some uppercasing omitted.)

¶ 5. When the police arrived in response to the man-with-a-possible-gun call, the security guard told one of the officers that, again as recounted by one of the police reports Butler submitted to the circuit court, Butler "was driving his vehicle recklessly on the [Chuck E. Cheese] property and on the city streets around it . . . in excess of 40 MPH northbound in the parking lot in front of the business that was full of vehicles and some pedestrians walking to and from the restaurant." The security guard also told the officer, again as recounted by the police report, that the security guard saw Butler "make a motion with his arm from his waist to the passenger side of the vehicle and that he had a dark object in his right hand."

¶ 6. One of the responding officers told Butler that he was being arrested for reckless driving, and his

521

partner searched Butler.[1] The arresting officer then reported that he saw that Butler "had a black gun holster attached to the right side of his belt." According to the officer's report, Butler told him that the holster was "for a BB gun that he owns." One of the officers then searched Butler's car and found a loaded "black .45 caliber semi-automatic pistol" in the car's glove compartment.

¶ 7. Butler's affidavit in support of his motion to withdraw his no-contest plea denied that he was driving recklessly. He averred that the security guard searched him, saw the holster, and called someone "on his walkie-talkie," after which the police arrived. According to Butler, one of the officers "pulled back my jacket to reveal the empty gun holster."

¶ 8. As noted, one of Butler's claims on this appeal is that his lawyers should have sought to suppress the gun. The only person who testified at the hearing under *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979) (hearing to determine whether lawyer gave a defendant ineffective assistance), as to whether his lawyers gave him ineffective assistance was Butler's second lawyer, and she testified that after researching and discussing the matter with other criminal-defense lawyers in whom she had confidence, she concluded that the Fourth Amendment did not apply to what the security guard did. The circuit court excused the first lawyer from appearing because, as it explained in open court at the start of the *Machner* hearing, "whatever [the first lawyer] did or did not do in terms of representing Mr. Butler, was not at issue in this case, because

---

[1] On one of the police reports Butler submitted to the circuit court, the time of the arrest is indicated as "6:25 PM" and the "charge" references "941.29(1)," which sets out circumstances when possession of a firearm is unlawful.

Mr. Butler had a different attorney when he entered his plea . . . [and] the fact that [the first lawyer] failed to file a motion to suppress is of no consequence." The circuit court was correct. *See General Accident Ins. Co. v. Schoendorf & Sorgi*, 202 Wis. 2d 98, 104, 105 n.7, 549 N.W.2d 429, 432 & n.7 (1996) (alleged initial negligence by law firm in drafting pension and profit-sharing plan not a cause of damages sustained by client after another firm negligently failed to bring plan into compliance); *Seltrecht v. Bremer*, 214 Wis. 2d 110, 123–124, 571 N.W.2d 686, 691 (Ct. App. 1997) (alleged negligence by first lawyer not a cause of injury to client when second lawyer could have cured it). Butler did not call any of the Chuck E. Cheese employees or police officers as witnesses. Thus, we are limited to the materials he submitted to the circuit court in determining whether a suppression motion would have succeeded. *See State v. Simpson*, 185 Wis. 2d 772, 784, 519 N.W.2d 662, 666 (Ct. App. 1994) (a lawyer is not ineffective for not making a motion that would have been denied).

¶ 9. Butler's affidavit asserts that he would not have pled no-contest "but for the actions of [his first lawyer] in failing to pursue the suppression motion and the [circuit court]'s comments and advice of my subsequent counsel leading me to believe that the suppression motion would not succeed." The comments by the circuit court referred to by Butler's affidavit were made during the hearing when Butler's first lawyer withdrew from the case because Butler was unhappy with his representation and, also, the lawyer perceived that there might be a conflict because he was also representing someone associated with Chuck E. Cheese.[2] The

---

[2] Butler makes an undeveloped contention that somehow the lawyer's alleged conflict (the issue was not resolved because

circuit court told Butler that in light of the circuit court's "understanding about Fourth Amendment law," it would be "surprised" if a motion to suppress succeeded or if the lawyer Butler was contemplating hiring to replace his first lawyer "comes to a different conclusion than [the first lawyer] about the viability of a motion." The circuit court suggested that Butler should "make sure that you are listening to people who know what they are talking about, as opposed to other people in the County Jail who may just think they know what they're talking about." The circuit court added: "If the lawyer is saying you don't have a motion and if two lawyers tell you you don't have a motion, you probabl[y] don't have a motion."

¶ 10. The core of Butler's claims in connection with his argument that his circuit-court lawyers were ineffective is his contention that the security guard and the police violated his Fourth Amendment rights against unreasonable searches and seizures. We analyze the various sub-issues in sequence.

¶ 11. First, Butler contends that the security guard's seizure and detention of him and search were government action that permits the invocation of the exclusionary rule. We disagree.

■■■■■

¶ 12. It is settled that "[p]rivate searches are not subject to the Fourth Amendment's protections because the Fourth Amendment applies only to government action." *State v. Payano-Roman*, 2006 WI 47, ¶ 17, 290 Wis. 2d 380, 390, 714 N.W.2d 548, 553. Additionally,

---

the lawyer withdrew from the case) hurt his case. He has not explained why or how, and, accordingly, we do not address that contention further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992) (court will not consider inadequately developed arguments).

although a citizen may detain another citizen "for a misdemeanor committed in the citizen's presence and amounting to a breach of the peace," *City of Waukesha v. Gorz*, 166 Wis. 2d 243, 247, 479 N.W.2d 221, 223 (Ct. App. 1991), the applicable reckless-driving provision of the Wisconsin Statutes, WIS. STAT. § 346.62(2) ("No person may endanger the safety of any person or property by the negligent operation of a vehicle."), is a forfeiture offense, WIS. STAT. § 346.65(1)(a), and thus not a crime, WIS. STAT. § 939.12, misdemeanor or otherwise, *see* WIS. STAT. § 939.60. We leave for another day whether a citizen is privileged to detain another whom he or she sees breaching the peace by doing something that is not a "crime," however, because unless state-action is involved, a defendant detained by another citizen has no right to suppress the fruits of the citizen's search. *Payano-Roman*, 2006 WI 47, ¶ 17, 290 Wis. 2d at 390, 714 N.W.2d at 553.

¶ 13. *Payano-Roman* is the leading decision in Wisconsin on whether the government was sufficiently involved with what a private party did to implicate the Fourth Amendment. The following are the controlling criteria: " '(1) the police may not initiate, encourage or participate in the private entity's search; (2) the private entity must engage in the activity to further its own ends or purpose; and (3) the private entity must not conduct the search for the purpose of assisting governmental efforts.' " *Id.*, 2006 WI 47, ¶ 18, 290 Wis. 2d at 390, 714 N.W.2d at 553 (quoted source omitted). Further, "a search may be deemed a government search when it is a 'joint endeavor' between private and government actors." *Id.*, 2006 WI 47, ¶ 19, 290 Wis. 2d at 390, 714 N.W.2d at 553. Whether a search is governed by the Fourth Amendment and, if so, was reasonable,

are questions of law subject to our *de novo* review, based on any applicable findings of historical fact by the circuit court that are not clearly erroneous. *Id.*, 2006 WI 47, ¶¶ 16, 24, 290 Wis. 2d at 389, 392, 714 N.W.2d at 552–553, 554. The defendant has the burden to show by "a preponderance of the evidence" that the search was governmental. *Id.*, 2006 WI 47, ¶ 23, 290 Wis. 2d at 391–392, 714 N.W.2d at 554.

¶ 14. As we see from Butler's submissions that are in the Record, none of the elements of state-action identified by *Payano-Roman* is present here. First, the security guard acted entirely on his own—nothing he did in detaining and initially searching Butler was instigated by the police. Second, as a Chuck E. Cheese security guard, it was in his interest and in the interest of his employer to keep the restaurant's parking lot safe for other drivers and pedestrians. Third, there is no evidence in the Record or in Butler's offer-of-proof that indicates that the security guard's detention and initial search of Butler was " 'for the purpose of assisting governmental efforts.' " *See id.*, 2006 WI 47, ¶ 18, 290 Wis. 2d at 390, 714 N.W.2d at 553 (quoted source omitted). Finally, what the security guard did in detaining and initially searching Butler was not part of some "joint endeavor" with law enforcement. *See id.*, 2006 WI 47, ¶ 19, 290 Wis. 2d at 390, 714 N.W.2d at 553. Thus, nothing the security guard did violated Butler's Fourth Amendment rights against unreasonable searches and seizures.

¶ 15. Butler argues, however, that the police, once they arrived, did not have probable cause to arrest him and, therefore, the search of the car was unlawful. Although a person may be lawfully arrested for a

forfeiture offense that is not a "crime," and searches incident to forfeiture arrests are valid, *State v. Pallone,* 2000 WI 77, ¶ 43, 236 Wis. 2d 162, 184, 613 N.W.2d 568, 579, given the paucity of the Record as to what the security guard told the arriving officers about how Butler was driving (as noted, Butler did not ask for a hearing in connection with his contention that the officers arrested him unlawfully and the only person who testified at the *Machner* hearing was his second lawyer), we need not strain through what is in the Record to assess, without the benefit of any findings of fact by the circuit court, on what would be our *de novo* review of the legal issue, whether the arrest was supported by the requisite probable cause. *See State v. Sykes,* 2005 WI 48, ¶ 15, 279 Wis. 2d 742, 752, 695 N.W.2d 277, 283 (search incident to an arrest based on probable cause).[3] Rather, given our authority to affirm the circuit court for reasons not relied on by it, and, also, on grounds not argued by the respondent, *see B & D Contractors, Inc. v. Arwin Window Sys., Inc.,* 2006 WI

[3] Butler argues in passing that the officers could not arrest him for reckless driving under Wis. Stat. § 346.62 because his driving, even if the officers accepted the security guard's description as being true, did not satisfy the requirement of Wis. Stat. § 939.25 that an element of a violation of § 346.62 is that "the actor should realize" that his or her conduct "creates a substantial and unreasonable risk of death or great bodily harm to another." " 'Great bodily harm' " is defined by Wis. Stat. § 939.22(14) as "bodily injury which creates a substantial risk of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily injury." Certainly driving more than forty miles-per-hour in a restaurant parking lot during business hours would "create[] a substantial and unreasonable risk of death or great bodily harm to another."

App 123, ¶ 4 n.3, 294 Wis. 2d 378, 384 n.3, 718 N.W.2d 256, 259 n.3, we affirm because the police officers had the right to search Butler's car for the gun, *see Michigan v. Long,* 463 U.S. 1032, 1034–1035, 1047–1049 (1983) (police have the right under *Terry v. Ohio,* 392 U.S. 1 (1968), to search a car when there is reason to suspect that it may contain a gun).

■■■

¶ 16. As we have seen, the police were summoned to Chuck E. Cheese because the security guard saw an empty gun holster and was concerned that there would also be a gun. Under these circumstances, the officers' peripheral search of Butler when they saw the empty holster was justified. *See id.,* 463 U.S. at 1047 ("When the officer has a reasonable belief 'that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.' ") (quoting *Terry,* 392 U.S. at 24). Once the officers saw the holster, the search of Butler's car was also fully justified. *See id.,* 463 U.S. at 1049 ("[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.") (quoting *Terry,* 392 U.S. at 21). Accordingly, any suppression motion would have been appropriately denied and neither of Butler's

two lawyers were ineffective for not making one. *See State v. Bellows*, 218 Wis. 2d 614, 625, 582 N.W.2d 53, 58 (Ct. App. 1998).

B. *Alleged ineffective assistance in connection with the court appearances without* Butler.

■■

¶ 17. WISCONSIN STAT. § 971.04(1) establishes when a defendant must be in court in connection with his or her case:

(1) Except as provided in subs. (2) and (3), the defendant shall be present:

(a) At the arraignment;

(b) At trial;

(c) During voir dire of the trial jury;

(d) At any evidentiary hearing;

(e) At any view by the jury;

(f) When the jury returns its verdict;

(g) At the pronouncement of judgment and the imposition of sentence;

(h) At any other proceeding when ordered by the court.[4]

---

[4] WISCONSIN STAT. § 971.04 reads in full:

(1) Except as provided in subs. (2) and (3), the defendant shall be present:

(a) At the arraignment;

(b) At trial;

(c) During voir dire of the trial jury;

(Footnote added.) Section 971.04(1) " 'recognizes that at certain hearings, such as arguments on matters of law and calendaring, a defendant need not be present.' " *May v. State*, 97 Wis. 2d 175, 187, 293 N.W.2d 478, 484 (1980) (quoted source omitted). Butler's briefs on this appeal do not point to any violation of this statute or how Butler was prejudiced by his not being present

(d) At any evidentiary hearing;

(e) At any view by the jury;

(f) When the jury returns its verdict;

(g) At the pronouncement of judgment and the imposition of sentence;

(h) At any other proceeding when ordered by the court.

(2) A defendant charged with a misdemeanor may authorize his or her attorney in writing to act on his or her behalf in any manner, with leave of the court, and be excused from attendance at any or all proceedings.

(3) If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times. A defendant need not be present at the pronouncement or entry of an order granting or denying relief under s. 974.02, 974.06, or 974.07. If the defendant is not present, the time for appeal from any order under ss. 974.02, 974.06, and 974.07 shall commence after a copy has been served upon the attorney representing the defendant, or upon the defendant if he or she appeared without counsel. Service of such an order shall be complete upon mailing. A defendant appearing without counsel shall supply the court with his or her current mailing address. If the defendant fails to supply the court with a current and accurate mailing address, failure to receive a copy of the order granting or denying relief shall not be a ground for tolling the time in which an appeal must be taken.

when the circuit court and his first lawyer discussed scheduling and procedures. Indeed, his argument in connection with his contention that he should have been present for those matters is wholly undeveloped and we will not consider it further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992); *see also State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39, 43 (Ct. App. 1999) ("A party must do more than simply toss a bunch of concepts into the air with the hope that either the trial court or the opposing party will arrange them into viable and fact-supported legal theories."), *grant of habeas corpus rev'd sub nom. Jackson v. Frank*, 348 F.3d 658 (7th Cir. 2003), *cert. denied*, 541 U.S. 963.

*By the Court.*—Judgment and order affirmed.