COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP37-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF36**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MATTHEW D. BROWN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Marinette County: JAMES A. MORRISON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Matthew Brown appeals a judgment, entered upon his guilty pleas, convicting him of one count of possession with intent to deliver

between eleven and fifty grams of heroin and one count of possession with intent to deliver more than forty grams of cocaine. He also appeals the order denying his motion for postconviction relief. Brown argues he is entitled to plea withdrawal because a defective plea colloquy rendered his plea unknowing, unintelligent, and involuntary. Brown also contends the circuit court imposed an illegal sentence. For the reasons discussed below, we affirm the judgment and order.

## BACKGROUND

¶2    The State charged Brown with possession with intent to deliver between eleven and fifty grams of heroin; possession with intent to deliver more than forty grams of cocaine; two counts of possessing tetrahydrocannabinols (THC); possession of drug paraphernalia; and resisting or obstructing an officer. The first four counts were charged as second and subsequent offenses, and all six counts were charged as a repeater. In exchange for his guilty pleas to the two possession with intent to deliver charges, both without the penalty enhancers, the State agreed to dismiss and read in the remaining counts. The State also agreed it would either recommend five years' initial confinement and five years' extended supervision, or jointly recommend four years' initial confinement and five years' extended supervision.

¶3    Before the plea hearing, Brown filed several pro se motions and, at the plea hearing, he expressed frustration that his attorney did not file certain motions on his behalf. Brown also stated he wanted to enter pleas because he did not believe he could get a fair trial due to his counsel's level of representation. The circuit court gave Brown the opportunity to obtain another lawyer, but Brown declined and opted to proceed with the plea hearing, explaining that he simply

2

wanted the court to know that he did not intend to sell the drugs to anyone; rather, they were for his personal use.

¶4    The record shows there were discrepancies between the charging documents, the plea colloquy, and the plea questionnaire as to the amount of cocaine at issue.  The charging documents properly stated that Brown was charged with possession with intent to deliver more than forty grams of cocaine.  While reviewing the elements of that crime during the plea colloquy, however, the circuit court told Brown the State would have to prove he intended to deliver *less* than forty grams of cocaine.  The court similarly misstated the amount of the charge two more times during the colloquy.  Furthermore, the plea questionnaire states Brown was pleading to possession with intent to deliver not more than fifty grams of cocaine.  The court ultimately accepted Brown's pleas.

¶5    Following the plea hearing, Brown filed a pro se request for plea withdrawal that also stated a desire to discharge his attorney.  The circuit court granted counsel's subsequent motion to withdraw, and Brown was appointed a new attorney.

¶6    At a presentence motion hearing, defense counsel informed the circuit court that "an additional term" had come up with respect to Brown's plea agreement.  Specifically, in exchange for the dismissal of pending charges in Michigan—charges that could have subjected Brown to life in prison under that state's three-strikes law—Brown agreed to have those charges read in for sentencing purposes.  Brown also agreed to pay $1400 in restitution to the State of Michigan to compensate a drug enforcement team for buy money it expended during controlled buys.  Counsel stated that due to this agreement, Brown no longer wished to withdraw his plea.  Brown personally confirmed his

understanding of these additional terms and agreed the matter should proceed to sentencing.

¶7     Consistent with the plea agreement, the parties jointly recommended four years' initial confinement and five years' extended supervision. The circuit court, however, determined the recommendation was "not adequate," and it imposed concurrent seventeen-year sentences consisting of twelve years' initial confinement and five years' extended supervision. The court also ordered $1400 in restitution to the Michigan drug enforcement team.

¶8     Appointed counsel filed a no-merit notice of appeal and no-merit report. Upon an independent review of the record, this court identified several issues for counsel to review. Counsel subsequently responded that he had identified at least one issue of arguable merit that Brown wished to pursue; therefore, we rejected the no-merit report, dismissed the appeal, and extended the time for Brown to file a postconviction motion.

¶9     Brown filed a postconviction motion for plea withdrawal, claiming he did not understand the nature of count two—the possession with intent to deliver cocaine charge—because the circuit court misstated that Brown was alleged to have possessed less than, rather than more than, forty grams of cocaine. Brown also claimed his trial counsel was ineffective by failing to advise him: (1) that he could proceed to sentencing without agreeing to anything regarding the Michigan charges; and (2) that the court had no authority to impose restitution or costs for the Michigan buy money, or to even consider the Michigan charges at his Wisconsin sentencing. Brown additionally sought resentencing based on the restitution order and the court's consideration of the Michigan

charges as read-ins. The court denied the motion after a hearing and this appeal follows.

## DISCUSSION

¶10    Brown argues the circuit court erred by denying his postconviction motion for plea withdrawal. Decisions on plea withdrawal requests are discretionary and will not be overturned unless the circuit court erroneously exercised its discretion. *State v. Spears*, 147 Wis. 2d 429, 434, 433 N.W.2d 595 (Ct. App. 1988). In a postconviction motion for plea withdrawal, the defendant carries the heavy burden of establishing, by clear and convincing evidence, that plea withdrawal is necessary to correct a manifest injustice. *See State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836.

¶11    The manifest injustice standard requires the defendant to show "a serious flaw in the fundamental integrity of the plea." *Id.* (citation omitted). One way for a defendant to meet this burden is to show that he or she did not knowingly, intelligently, and voluntarily enter the plea. *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906. Whether a plea is knowing, intelligent, and voluntary is a question of constitutional fact. *Id.*, ¶19. We accept the circuit court's findings of historical and evidentiary facts unless they are clearly erroneous, but we determine independently whether those facts demonstrate that the defendant's plea was knowing, intelligent, and voluntary. *Id.*

¶12    Where, as here, a defendant moves to withdraw his or her plea based on an error in the plea colloquy, the defendant must: (1) make a prima facie

showing of a violation of WIS. STAT. § 971.08 (2017-18)[1] or another court-mandated duty; and (2) allege that he or she did not, in fact, know or understand the information that should have been provided during the plea colloquy. ***State v. Bangert***, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). If the defendant satisfies these obligations, the burden shifts to the State to prove by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the inadequacy of the plea colloquy. ***Id.*** The State may utilize any evidence in the record "to show that the defendant in fact possessed the constitutionally required understanding and knowledge which the defendant alleges the inadequate plea colloquy failed to afford him [or her]." ***Id.*** at 274-75.

¶13 Here, the State concedes that at the plea hearing the circuit court misinformed Brown as to the elements of possession with intent to deliver more than forty grams of cocaine by telling Brown the State would need to prove he possessed less than forty grams. Further, Brown alleged he did not, in fact, know or understand that charge. At the postconviction motion hearing, however, the court determined that the State satisfied its burden of proving, by clear and convincing evidence, that Brown nonetheless knowingly, intelligently, and voluntarily entered a guilty plea on that count. The State demonstrated that the forty-five-year-old Brown could read and write the English language; that he completed eleven years of school; and that he obtained a GED. The State also established that Brown read the criminal complaint, which states Brown possessed 63.7 grams of cocaine. Brown also confirmed that he read the Information and the Amended Information, both of which alleged that Brown possessed more than

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

6

forty grams of cocaine. Although Brown testified at the motion hearing that he did not understand what the "greater than" symbol represented on the charging documents, the description for that crime on each document specifically alleged that Brown "did possess with intent to deliver … cocaine, in an amount of more than 40 grams."

¶14 Further, the State showed that Brown was active in his own case, having filed several pro se motions, including a challenge to an officer's credibility based on Brown's comparison of the complaint narrative and the police report. Brown also personally asserted a "lack of intent to sell" defense before entering his guilty pleas. Because the State based the intent-to-deliver charges on the amount of drugs Brown possessed, it is reasonable to infer that Brown knew exactly how much cocaine was at issue in count two. Moreover, at sentencing, both the prosecutor and the circuit court stated that Brown's plea to count two involved more than sixty grams of cocaine, and Brown never questioned those statements. Although Brown was, of course, sentenced after the plea hearing, we are persuaded this information is relevant to establish his understanding of the subject charge. *See **Bangert**, 131 Wis. 2d at 274-75. If Brown truly misunderstood the cocaine charge, his past interactions with the court suggest he would have raised an issue at the time of sentencing.

¶15 Finally, the circuit court found that because Brown, through his numerous pro se filings, had demonstrated a "very competent grasp of what the charges were," his claims to the contrary were "not credible." A court acting as factfinder is the ultimate arbiter of credibility. ***State v. Bailey***, 2009 WI App 140, ¶15, 321 Wis. 2d 350, 773 N.W.2d 488. Because the State offered clear and convincing evidence to establish that Brown entered a knowing, intelligent, and

voluntary plea, despite any deficiency in the plea colloquy, the court properly exercised its discretion in denying the plea withdrawal motion.

¶16    Brown also claims the circuit court imposed an illegal sentence by ordering restitution for the Michigan charges and reading in those charges for sentencing purposes.  We conclude Brown is judicially estopped from asserting these claims.  The equitable doctrine of judicial estoppel "precludes a party from asserting a position in a legal proceeding and then subsequently asserting an inconsistent position."  *State v. Petty*, 201 Wis. 2d 337, 347, 548 N.W.2d 817 (1996).  The doctrine requires proof of three conditions.  First, the defendant's later position must be "clearly inconsistent" with the earlier position.  *Id.* at 348.  Second, "the facts at issue should be the same in both cases."  *Id.*   Third, "the party to be estopped must have convinced the first court to adopt its position."  *Id.*

¶17    Here, Brown's position on appeal is clearly inconsistent with his previous position because he asked the circuit court to take the action about which he now complains.  The facts at issue are the same, and Brown asked the court to adopt his position.  Thus, Brown is estopped from raising these challenges to the sentence and the restitution order.

¶18    Although not argued by the State, we alternatively conclude that even assuming Brown's challenges to the legality of the sentence and restitution order have merit, his arguments are barred by the doctrine of invited error.  *See State v. Butler*, 2009 WI App 52, ¶15, 317 Wis. 2d 515, 768 N.W.2d 46 (appellate court may affirm a circuit court for any reason, even if not relied on by either the circuit court or raised by the parties).  The doctrine of invited or strategic error was summarized in *State v. Gary M. B.*, 2004 WI 33, ¶11, 270 Wis. 2d 62, 676 N.W.2d 475:  "A defendant cannot create his [or her] own error by deliberate

choice of strategy and then ask to receive the benefit from that error on appeal." Here, Brown asked the sentencing court to take the action he now opposes in order to avoid a potential life sentence in Michigan. This court will not review the merits of a strategic or invited error that was induced by Brown's own argument in the circuit court.[2]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] For the first time in his reply brief, Brown asserts an ineffective assistance of counsel claim. "It is a well-established rule that we do not consider arguments raised for the first time in a reply brief." **Bilda v. County of Milwaukee**, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661. Moreover, the argument is undeveloped. Therefore, we decline to address it. *See* **State v. Flynn**, 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994) (we need not address undeveloped arguments).