COURT OF APPEALS
DECISION
DATED AND FILED

November 14, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.**     **2018AP1923**

**STATE OF WISCONSIN**

Cir. Ct. No.   **2018CV2156**

**IN COURT OF APPEALS
DISTRICT IV**

---

PETITIONER,

     PETITIONER-RESPONDENT,

   V.

SAM RAHDER,

     RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: JOHN D. HYLAND, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.    Samuel Rahder, pro se, appeals a harassment injunction order entered by the circuit court.  On appeal, he challenges the court's finding that he was not a credible witness, argues that his due process rights were violated, and argues that the circuit court judge was biased against him.  We reject these arguments and affirm the order of the circuit court.

## BACKGROUND

¶2    On August 13, 2018, the petitioner filed a petition for a harassment injunction against Rahder, who was her friend and co-worker.  The petitioner alleged that Rahder harassed her over several months with calls, texts, and emails.  The circuit court held an injunction hearing at which it took testimony from both the petitioner and Rahder.  At the close of the hearing, the court granted the injunction to the petitioner for a period of four years.

## STANDARD OF REVIEW

¶3    A circuit court's decision to grant a harassment injunction is reviewed for an erroneous exercise of discretion.  ***Board of Regents-UW Sys. v. Decker***, 2014 WI 68, ¶19, 355 Wis. 2d 800, 850 N.W.2d 112.

## DISCUSSION

¶4    We turn first to Rahder's argument that the circuit court erred in finding that he was not a credible witness.  The transcript of the injunction hearing shows that the petitioner and Rahder differed in their views of the events that led to the filing of the injunction petition.  The petitioner testified that, in December 2017, she informed Rahder by email that she no longer wished to have contact with him.  Rahder testified that he thought the petitioner's email was ambiguous because it said she wanted to stop communication "for now" without specifying

2

how long "for now" would be. The petitioner then testified that she contacted the police on February 27, 2018, for assistance in ceasing Rahder's contact with her. Rahder testified that the police, or someone else calling on petitioner's behalf, advised him by phone in March 2018 that the petitioner did not want contact with him.

¶5 According to the petitioner, contact from Rahder stopped for a period of time. Then, in June 2018, she received a package and letter from him. The petitioner testified that she again contacted the police, who gave her information about restraining orders and served Rahder on June 10, 2018, with a letter directing him not to contact the petitioner. Then, in August 2018, when the petitioner was participating in a theater performance at an art gallery, Rahder showed up at the location of the performance. The petitioner called 911, which resulted in Rahder being questioned about the incident. Rahder testified that he had been rollerblading in the neighborhood of the art gallery and was thirsty and had a blister, so he went into the gallery and helped himself to water and looked around the gallery. Rahder testified that he did not know the petitioner was there and did not see her.

¶6 The court found that the December 2017 email from the petitioner stating that she wanted to stop communication "for now" could be considered ambiguous. However, the court did not find credible Rahder's statement that he did not know that the call he received in March 2018 was from the police. The court further found that the June 10, 2018 letter from the police to Rahder was not ambiguous. The court acknowledged that Rahder's appearance at the art gallery in August 2018 "may well have been random," but reasoned that it may have prompted the petitioner to feel that it was necessary to go to court to prevent further contact.

¶7    "When the trial court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony." *Plesko v. Figgie Int'l*, 190 Wis. 2d 764, 775, 528 N.W.2d 446 (Ct. App. 1994).  Here, the circuit court's findings demonstrate that it credited certain of Rahder's statements but found other statements to not be credible.  The circuit court, unlike this court, had the opportunity to observe the witnesses and their demeanors on the witness stand.  *See Pindel v. Czerniejewski*, 185 Wis. 2d 892, 898–99, 519 N.W.2d 702 (Ct. App. 1994) (circuit court is in far better position than appellate court to make credibility determinations).  This court will not overturn credibility determinations on appeal unless the testimony upon which they are based is inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts.  *Global Steel Prods. Corp. v. Ecklund Carriers, Inc.*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.  That is not the case here, and we therefore reject Rahder's argument that the circuit court erred when it did not find all of his testimony to be credible.

¶8    We next turn to Rahder's argument that his due process rights were violated.  On the issue of due process, Rahder cites several legal authorities, all of which are criminal cases.  Rahder fails to develop his argument to explain how the authorities he cites apply in this civil case.  For example, Rahder refers to the "beyond a reasonable doubt" burden of proof for criminal convictions, citing *State v. Stawicki*, 93 Wis. 2d 63, 286 N.W.2d 612 (Ct. App. 1979).  However, proof beyond a reasonable doubt is not required for the issuance of a harassment injunction.  The standard for issuance of a harassment injunction is set forth in

WIS. STAT. § 813.125(4)(a)3. (2017-18),[1] which states that an injunction may be granted if "[a]fter hearing, the judge or circuit court commissioner finds reasonable grounds to believe that the respondent has engaged in harassment with intent to harass or intimidate the petitioner." The record reflects that the judge properly applied that standard.

¶9 "'A party must do more than simply toss a bunch of concepts into the air with the hope that either the trial court or the opposing party will arrange them into viable and fact-supported legal theories.'" *State v. Butler*, 2009 WI App 52, ¶17, 317 Wis. 2d 515, 768 N.W.2d 46 (quoted source omitted). While we make some allowances for the failings of parties who, as here, are not represented by counsel, "[w]e cannot serve as both advocate and judge," *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992), and will not scour the record to develop viable, fact-supported legal theories on the appellant's behalf, *Butler*, 317 Wis. 2d 515, ¶17. Here, Rahder fails to apply relevant legal authority to the facts of record; therefore, we reject his due process argument on that basis.

¶10 Finally, we address Rahder's argument that the circuit court judge was biased against him. In analyzing a claim of judicial bias, we begin with the presumption that a judge is "fair, impartial, and capable of ignoring any biasing influences." *State v. Gudgeon*, 2006 WI App 143, ¶20, 295 Wis. 2d 189, 720 N.W.2d 114. To overcome that presumption, a party must demonstrate the objective existence of "actual bias" or the "appearance of bias." *Id.*, ¶¶20-24. Opinions formed by a judge based upon facts introduced or events occurring

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

during the course of a current or prior proceeding involving a party do not constitute the basis for a claim of judicial bias unless they display "'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *State v. Rodriguez*, 2006 WI App 163, ¶36, 295 Wis. 2d 801, 722 N.W.2d 136 (quoted source omitted).

¶11    Here, Rahder has not alleged that the circuit court judge had any personal interest or stake in the outcome of the proceedings. In addition, the record does not contain any comments by the judge that would indicate deep-seated favoritism or antagonism. Rahder asserts that the judge began the injunction hearing with an assumption that everything in the petition was true. While the record reflects that the judge noted at the outset of the hearing that the petition was signed under oath, it is clear from the rest of the transcript that the judge did not simply accept the allegations in the petition as true. The judge questioned both Rahder and the petitioner extensively about the allegations in the petition, and provided each of them ample opportunity to explain their own perceptions of the events discussed in the petition. Additionally, as discussed above, the circuit court found credibility in some portions of Rahder's testimony and discredited other portions, thereby demonstrating that the judge did not simply accept all of the allegations in the petition as the basis for issuing the injunction. In light of these facts, we are not persuaded that the record supports a claim of judicial bias.

¶12    In sum, we are satisfied that the circuit court properly exercised its discretion in issuing the injunction.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.